NO. 07-02-0174-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 16, 2002



______________________________




KARLA L. CARTER AND DOUGLAS E. CARTER, INDIVIDUALLY


AND AS NEXT FRIEND FOR BLAKE D. CARTER, APPELLANTS



V.



STANLEY M. DUCHMAN, M.D., APPELLEE




_________________________________



FROM THE 333RD DISTRICT COURT OF HARRIS COUNTY;



NO. 2001-43911; HONORABLE JOSEPH HALBACH, JR., JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellants Karla L. Carter and Douglas E. Carter, individually as next friend for
Blake D. Carter, and appellee, Stanley M. Duchman, M.D. filed a Joint Motion to Dismiss
Appeal on July 3, 2002, averring that they no longer wished to prosecute this appeal.

 Without passing on the merits of the case, the parties' joint motion for dismissal is
granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. All costs having been 

paid, no order pertaining to the costs is made. Having dismissed the appeal at the parties'
request, no motion for rehearing will be entertained and our mandate will issue forthwith. 




 Phil Johnson

 Justice











Do not publish.



n [14th Dist.] 2000, no pet.). Nor is there a statutory right of self-representation on appeal in Texas. 

 Other courts of appeals who have considered the question since the issuance of the
U. S. Supreme Court's opinion in Martinez have reviewed on a case-by-case basis
requests that the court permit the appellant to represent himself in a criminal appeal,
considering in that review the interests both of the appellant and the State. See Glenn,
Cormier. We will do so here.

 Appellant's pro se motion and documents he has submitted with it indicate that his
desire to represent himself is based on his perception that counsel is giving insufficient
attention to his case. He points out that counsel has sought an extension of time to file
appellant's brief. Our rules of appellate procedure permit the filing of motions for extension
of time to submit appellate briefs. Tex. R. App. Proc. 38.6(d). (1) Counsel's submission of
such a motion does not provide a basis for concluding that it would be in appellant's best
interest to represent himself on appeal of his capital murder conviction. Nor do we see that
any interest of the State would be served by his doing so.

 We note also that the clerk's record filed with this court includes a pro se motion for
new trial submitted by appellant. We express no opinion here on the substance of that
motion, but we do not find the matters discussed in it provide a basis for granting
appellant's request for self-representation. 

 Appellant's Motion to Dismiss Counsel on Appeal and Proceed Pro Se on Appeal
is overruled.

 Per Curiam


Do not publish.

1. On September 29, 2003, appellant's appointed counsel filed a second motion for
extension of time to file appellant's brief. Finding it to be based on good cause, we have
granted that motion by separate action.